PER CURIAM.
The claimant in this workers’ compensation case seeks review of an order holding that her claim was barred by the running of the statute of limitations. The uncon-tradicted medical evidence provided by her authorized treating physician establishes that the claimant was treated for symptoms related to her February 12, 1992, industrial accident on February 14, 1992, October 26, 1993, October 25, 1994, and August 15,1996. There was, therefore, no two-year lapse between treatments before the claimant filed her claim on March 25, 1997. As a result, the claim was not barred by the two-year statute of limitations contained in section 440.19(l)(b), Florida Statutes (1991). The decision to the contrary rendered by the judge of compensation claims was, accordingly, error. See Gilbert v. Pinellas Suncoast Transit Authority, 674 So.2d 818, 821-22 (Fla. 1st DCA 1996) (receipt of medical care from an authorized provider at least once every two years for injuries causally related to the industrial accident tolls the statute of limitations despite the claimant’s failure to request the employer and carrier to pay for the care); Bray v. Electronic Door-Lift, Inc., 558 So.2d 43, 46 (Fla. 1st DCA 1989) (a judge of compensation claims may not reject uncontradicted medical testimony without a reasonable explanation). Therefore, we reverse.
REVERSED.
ERVIN, WOLF and WEBSTER, JJ., CONCUR.